**SULAIMAN LAW GROUP**
Alexander J. Taylor
2500 South Highland Ave
Suite 200
Lombard, Illinois 60148
Telephone: 331-307-7646
Facsimile: 630-575-8188
Email: ataylor@sulaimanlaw.com
*Attorney for the Plaintiff*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| PAUL M. VEKSLER,<br><br>Plaintiff,<br><br>v.<br><br>ENVOY MEDIA GROUP, INC., d/b/a TAXRELIEFCENTER.ORG, INC.,<br><br>Defendant. | Case No. 2:24-cv-05370<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227** *et seq.* |

## **COMPLAINT**

**NOW COMES** PAUL M. VEKSLER ("Plaintiff"), by and through the undersigned counsel, complaining of ENVOY MEDIA GROUP, INC. d/b/a TAXRELIEFCENTER.ORG, INC. ("Defendant"), as follows:

1

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*,

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.,* 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

3. As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for [unwanted calls]." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as the TCPA is a federal statute.

5. Venue is proper in this Court pursuant to 28 U.S.C. §§1391(b)(1) as Defendant is domiciled in Westlake Village, California.

## PARTIES

6. Plaintiff is a consumer over 18-years-of-age who, at all times relevant, resided in Bayside, Wisconsin.

7. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39) because he is an individual.

8. Defendant is a California corporation with its principal address located at 30721 Russell Ranch Rd., Suite 140, Westlake Village, California 91362.

9. Defendant is regularly engages in the business of tax, debt, and other financial related services to consumers.[1] Defendant offers its services to consumers nationwide.

10. Upon information and belief, Defendant engages third party vendors/agents to place outbound marketing calls to consumers on Defendant's behalf.

11. Upon information and belief, Defendant controls and directs the activities of the third-party vendors/agents it utilizes to place calls on its behalf and is therefore liable for the acts of its third party vendors/agents.

## **FACUTAL ALLEGATIONS**

12. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 0409.

13. At all times relevant, Plaintiff's number ending in 0409 was assigned to a cellular telephone service.

---

[1] taxreliefcenter.org (last visited June 11, 2024).

3

14. At all times relevant, Plaintiff's number ending in 0409 was not associated with a business and was utilized for personal and residential purposes. Plaintiff utilizes his cellular telephone number for residential purposes as his cellular telephone number is the primary means of reaching Plaintiff at his residence. Accordingly, Plaintiff is a "residential telephone subscriber."[2]

15. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

16. At no point in time did Plaintiff contract with Defendant or otherwise solicit any of Defendant's services.

17. At no point in time did Plaintiff provide Defendant with his cellular telephone number ending in 0409.

18. At no point in time did Plaintiff provide Defendant with consent to place calls to his cellular telephone number ending in 0409 or subscribe to receive any offers from Defendant.

19. At all times relevant, Plaintiff's cellular telephone number ending in 0409 was registered on the National Do-Not-Call Registry. Plaintiff personally registered his cellular telephone number on the National-Do-Not-Call Registry in August 2005.

---

[2] The FCC has expressly rejected interpreting "residential subscribers" narrowly to exclude cellular telephone numbers categorically. *Implementing the Tel. Consumer Prot. Act of 1991,* 18 F.C.C. Rcd. 14014, 14038.

20. In early June 2024, Defendant began placing unsolicited marketing phone calls to Plaintiff's cellular phone.

21. Fed up with the invasive solicitation calls; Plaintiff answered a call from Defendant.

22. During the call, Defendant identified itself as a financial services provider, then began offering its services to Plaintiff.

23. In response, Plaintiff explained that he was not interested in Defendant's services and further instructed Defendant to remove his phone number from Defendant's call-registry and cease all calls to Plaintiff's phone number.

24. Despite Plaintiff's request that the solicitation calls cease, Defendant continued placing solicitation phone calls to his cellular phone, including multiple phone calls per day.

25. For example, on June 17, 2024, Defendant placed five (5) solicitation phone calls to Plaintiff's cellular phone within a few hours.

26. Plaintiff answered one of the above-mentioned calls and (1) informed Defendant that he was recording the phone call; (2) explained he is on the Federal Do-Not-Call-Registry; (3) demanded Defendant cease its unlawful calls; and, (4) warned Defendant that Plaintiff would sue Defendant if it continued placing unsolicited calls to his phone.

27. In response, Defendant disregarded Plaintiff's demands and stated that it would continue to place calls to Plaintiff's number.

5

28. In total, Defendant placed no less than 10 solicitation calls to Plaintiff's cellular phone number.

29. Defendant placed its calls using various phone numbers, including: (414) 677- 3360, (414) 677-3334, and (414) 677-3405.

## **DAMAGES**

30. Defendant's unlawful telemarketing practices have caused Plaintiff damages, including: invading Plaintiff's privacy, nuisance, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the solicitation calls, decreased productivity, aggravation that accompanies unwanted solicitation calls, frustration, loss of concentration, and the loss of battery charge.

31. Moreover, each time Defendant placed a solicitation call to Plaintiff's cellular phone, Defendant temporarily occupied Plaintiff's cellular phone such that Plaintiff was unable to utilize his cellular phone while his phone was ringing.

32. Frustrated with Defendant's invasive telemarketing practices, Plaintiff was forced to file the instant action to compel Defendant to cease its unlawful solicitation calls.

## **CLASS ALLEGATIONS**

33. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

34. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

### Do-Not-Call Registry Class

All individuals in the United States (1) to whom Defendant, or a third party acting on Defendant's behalf, placed, or caused to be placed, a telephone call; (2) directed to a residential telephone number; (3) that is registered on the National Do-Not-Call Registry; (4) in which the purpose of the call was to market Defendant's services; (5) within the four years preceding the date of the original complaint through the date of class certification.

35. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers, and directors; (3) Plaintiff's attorneys; (4) individuals who properly execute and file a timely request for exclusion from the Putative Classes; (5) the legal representatives, successors, or assigns of any such excluded individuals; and (6) individuals whose claims against Defendant have been fully and finally adjudicated and/or released.

**A.     Numerosity**

36. Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

7

37. The exact number of the members of the Putative Class is unknown to Plaintiff at this time and can only be determined through targeted discovery.

38. The members of the Putative Class are ascertainable because the Class is defined by reference to objective criteria.

39. The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant or its third-party vendors.

**B.  Commonality and Predominance**

40. There are many questions of law and fact common to the claims of Plaintiff and the claims of the members of the Putative Class.

41. Those questions predominate over any questions that may affect individual members of the Putative Class.

**C.  Typicality**

42. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendant's unlawful telemarketing practices.

**D.  Superiority and Manageability**

43. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

8

44. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

45. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

46. Economies of effort, expense, and time will be fostered, and uniformity of decisions ensured.

**E.     Adequate Representation**

47. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

48. Plaintiff has no interests antagonistic to those of the members of the Putative Class and Defendant has no defenses unique to Plaintiff.

49. Plaintiff has retained competent and experienced counsel in consumer class.

## CLAIMS FOR RELIEF

### COUNT I:

**Violations of the Telephone Consumer Protection Act**
**(on behalf of Plaintiff and Members of the Do-Not-Call Registry Class)**

50. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

51. Pursuant to 47 C.F.R. §64.1200(c)(2) (a regulation promulgated under 47 U.S.C. §227(c)), it is a violation of the TCPA to call "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. This regulation also applies to wireless telephone subscribers who have registered their numbers on the national do-no-call registry." *Heidorn v. BDD Mktg. & Mgmt. Co., LLC*, 2013 U.S. Dist. LEXIS 177166, at *30-31 (N.D. Cal. 2013).

52. Defendant violated 47 C.F.R. §64.1200(c)(2) by placing no less than ten (10) solicitation calls to Plaintiff's cellular telephone number while it was registered on the National Do Not Call Registry.

53. As pled above, Plaintiff never consented to receiving solicitation calls from Defendant.

54. Defendant knew or should have known that Plaintiff's phone number was on the Do-Not-Call Registry as the registry is publicly available and easily accessible.

55. Instead of scrubbing Plaintiff's phone number through the Do-Not-Call Registry prior to making its solicitation calls, Defendant recklessly placed calls to Plaintiff's cellular phone number without first scrubbing Plaintiff's phone number through the Do-Not-Call Registry.

56. Upon information and belief, Defendant does not maintain adequate procedures or protocols to ensure that it does not place solicitation calls to phone numbers that are registered on the National Do-Not-Call Registry.

**WHEREFORE**, Plaintiff, on behalf of himself and the members of the Do-Not-Call Registry Class, requests the following relief:

A. an order granting certification of the Do-Not-Call Registry Class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

B. an order enjoining Defendant from placing or causing to place further violating calls to consumers;

C. judgment in Plaintiff's favor for Defendant's violations of the TCPA;

D. judgment in favor of the Do-Not-Call Registry Class for Defendant's violations of the TCPA;

E. an award of $500.00 in damages to Plaintiff and the members of the Do-Not-Call Registry Class for each violating call;

F. an award of treble damages up to $1,500.00 to Plaintiff and the members of the Do-Not-Call Registry Class for each violating call; and

G. any further relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

| | | |
|---|---|---|
| 1 | Dated: June 25, 2024 | Respectfully submitted, |
| 2 | | |
| 3 | | **PAUL M. VEKSLER** |
| 4 | | By:/s/ *Alexander J. Taylor* |
| | | Alexander J. Taylor, Esq. |
| 5 | | Atlas Consumer Law |
| 6 | | 2500 S. Highland Avenue, Suite 200 |
| 7 | | Lombard, Illinois 60148 |
| | | Telephone: 331-3077646 |
| 8 | | Email: ataylor@sulaimanlaw.com |